IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT KILLOUGH,<br><br>     Plaintiff,<br><br>v.<br><br>BRUCE O. BURNHAM at el.,<br><br>     Defendants. | **MEMORANDUM DECISION &**<br>**ORDER TO SHOW CAUSE**<br><br><br><br>Case No. 2:18-CV-250-CW<br><br>District Judge Clark Waddoups |

On August 6, 2018, the Court granted Plaintiff's motion to amend his complaint. However, more than four months later, the Court has still not received an amended complaint. The Court now orders Plaintiff to show cause why this case should not be dismissed because of his failure to move this action forward by filing an amended complaint. Should Plaintiff still wish to amend, the Court provides the following guidance for Plaintiff to follow in amending the Complaint.

### INSTRUCTIONS TO PLAINTIFF

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or other documents already filed in this case. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who

have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, Plaintiff has submitted to the Court documents and motions that potentially raise other claims and name other defendants. Any claim or defendant from that correspondence that Plaintiff intends to pursue in this case must be formally set forth in his amended complaint. The Court will not further consider any of the claims or defendants outside of the amended complaint.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days show cause why this action should not be dismissed because he has not filed an amended complaint.

(2)  The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a blank civil-rights complaint.

(3) Plaintiff's motions for service of process and to supplement the record are **DENIED**. (Doc. Nos. 19 & 21.) These motions are premature as there the Court awaits the filing of an amended complaint.

DATED this 2nd day of January, 2019.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court