IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT KILLOUGH,<br><br>    Plaintiff,<br><br>v.<br><br>BRUCE O. BURNHAM et al.,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:18-CV-250-CW<br><br>District Judge Clark Waddoups |

  Plaintiff, inmate Matt Killough, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Amended Complaint, (Doc. No. 26), under its statutory review function,[2] the Court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

# AMENDED COMPLAINT'S DEFICIENCIES

Amended Complaint:

(a) does not properly affirmatively link defendants to civil-rights violations.

(b) appears to inappropriately allege civil-rights violations on respondeat-superior theory.

(c) names some possible defendants only in the text, not in Complaint's heading (e.g., Tony Washington, Timothy Dennis, and Officer St. Jermaine).

(d) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2019), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(e) does not adequately state a claim of inadequate medical treatment. (See below.)

(f) asserts claims that, from the face of the amended complaint, are possibly past the statute of limitations for a civil-rights case. (See below.)

(g) improperly asserts a retaliation claim. (See below.)

(h) needs clarification regarding Equal Protection Clause cause of action. (See below.)

(i) has claims apparently regarding current confinement; however, complaint apparently not drafted with contract attorneys' help.

# GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Inadequate Medical Treatment**

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310

4

(10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

## • Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted. From the face of the amended complaint, some circumstances underlying claims possibly occurred more than four years before this case was filed.

## • Retaliation

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

## • Equal Protection Claim

> The Fourteenth Amendment ensures that states give their citizens "equal protection of the laws." U.S. Const. amend. XIV, § 1. In other words, states "must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). Thus, "to assert a viable equal protection claim, [Mr. Carney] must first make a threshold showing that [he was] treated differently from others who were similarly situated to [him]." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). If he makes such a showing, we must apply rational basis review to the classification at issue because Mr. Carney is not part of a suspect class and is not alleging a fundamental-right violation. *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007). Under the rational basis standard, Mr. Carney's claim will fail "if there is any reasonably conceivable state of

facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).

*Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint," that does not refer to or include any other document.

(2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve the amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

DATED this 30th day of May, 2019.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court