IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT KILLOUGH,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE O. BURNHAM ET AL.,<br><br>Defendants. | **MEMORANDUM DECISION &<br>ORDER GRANTING IN PART AND<br>DENYING IN PART SUMMARY-<br>JUDGMENT MOTION**<br><br>Case No. 2:18-CV-250 CW<br><br>District Judge Clark Waddoups |

In this civil-rights complaint, 42 U.S.C.S. § 1983 (2021), Plaintiff Matt Killough asserts

his federal constitutional rights were violated by Utah Department of Corrections (UDOC)

Defendants Allred, Burnham, and Egli, when Defendants respectively provided inadequate

medical care, sexually assaulted Plaintiff, and retaliated against him.[1] (ECF No. 36.)

Based on Plaintiff's failure to exhaust his administrative remedies through UDOC's

grievance process, Defendants move for summary judgment. (ECF No. 56.) Defendants' motion

---

[1]Regarding retaliation, Plaintiff's sole allegation is that because "defendant Burnham and Allred are friends . . . that it is possible that Burnham's actions was retaliation for Plaintiff's sexual assault complaint against Defendant Allred." (3d Am. Compl., ECF No. 36-1, at 2.) That does not state a retaliation claim. "It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right [to free speech].'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). In particular, Plaintiff's allegation is highly speculative as to the issue of whether Defendant's behavior of cutting out a third daily dose of pain medication was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct, which would presumably be bringing grievances or complaints against Defendant Allred's alleged sexual assault. Just because Defendant Burnham and Allred allegedly were friendly does not mean that Defendant Burnham even knew of Plaintiff's allegations against Defendant Allred, let alone based his decision to decrease Plaintiff's pain medication dosage to twice per day upon those allegations. This claim is thus not discussed further.

relies on *Martinez* report exhibits, such as an affidavit, UDOC's grievance policy, and inmate

grievances and requests. (ECF Nos. 53, 54.) Plaintiff's evidentiary materials include Plaintiff's

verified third-amended complaint, Plaintiff's declaration, copies of document requests and

correspondence, and medical records. (ECF Nos. 36, 59, 61.)

## SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere

factual dispute will not preclude summary judgment; instead there must be a genuine issue of

material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

The United States Supreme Court and the Tenth Circuit have held that the exhaustion

requirement must be met to bring a § 1983 claim in federal court under PLRA:

> [PLRA] imposes a mandatory exhaustion requirement on inmates
> challenging prison conditions in federal court: "No action shall be
> brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any
> jail, prison, or other correctional facility until such administrative
> remedies as are available are exhausted." 42 U.S.C. § 1997e(a)[.] .
> . . An inmate's failure to exhaust is an affirmative defense and the
> burden is on the defendant to prove the failure to exhaust. *See
> Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798
> (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.2007).

*Thomas v. U.S. Bureau of Prisons*, 282 F. App'x 701, 703 (10th Cir. 2008) (unpublished)

(citation omitted).

The Supreme Court has held that the PLRA requires "proper exhaustion." *Woodford v.*

*Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion" equals "'using all steps the agency holds out,

and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id*. (quoting *Pozo*

*v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original). In *Ngo*, the Supreme

Court concedes "this will prevent certain prisoner cases from proceeding, but notes that a

'centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an "invigorated"

exhaustion provision, § 1997e(a).' 'Exhaustion is no longer left to the discretion of the district

court, but is mandatory.'" *Tung v. Hartley*, No. 1:08-CV-457-AWI, 2012 U.S. Dist. LEXIS

30895, at *3 (E.D. Cal. Mar. 8) (citations omitted) (ellipses in original).

## MATERIAL FACTS

• UDOC has grievance process for inmates seeking redress for complaints about conditions of

confinement. (ECF No. 53-1.) Process has three levels, with level one to be filed "[w]ithin seven

working days from the time the inmate knew or should have known about a grievable incident,"

(*id.* at 12); and level two to be filed within "five working days" of receiving UDOC response to

level-one grievance, (*id.*); and level three to be filed within "five working days" of receiving

UDOC response to level-two grievance, (*id.* at 13).

• No date listed – Defendant Egli "prescribed Plaintiff an excessive amount of Saraquil without

informing Plaintiff of any possible side effects," even though during later visits with Defendant

Egli Plaintiff "continuously complained of multiple new problems, such as facial ticks, loss of

sleep . . . and diabetes," that may be caused by excessive Saraquil. (3d Am. Compl. Attach., ECF

No. 36-1, at 5.)

• Between early 2016 and 5/15/2017 – While Plaintiff housed at Central Utah Correctional

Facility, Defendant Burnham discontinued evening dose of Plaintiff's pain medication. (*Id.* at 1.)

• Sometime during 2016 and 2017 – Defendant Allred (1) "told Plaintiff to pull out his penis so

Allred could measure it," and, when Plaintiff declined, "Allred threatened to strip search Plaintiff

to see what Plaintiff's penis size was"; (2) several times, poked Plaintiff's "crotch with a long

3

stick"; and (3) "brushed the back of his hand over Plaintiff's crotch area, touching Plaintiff's

penis and testicles through his pants."  (*Id.* at 6.)

• 5/15/17 – Plaintiff's pain was so sudden that leg "gave out," causing Plaintiff to injure "his

lower back and shoulder." (*Id.* at 2.)

• "[F]ollowing months" – Plaintiff asked Defendant Burnham for "M.R.I. or x-ray on his back

and shoulder, but was denied." (*Id.*) At Draper prison location, other doctors tested Plaintiff and

found Plaintiff needed surgery and shots for his back and shoulder pain. (*Id.*)

• 9/26/17 – Mentioning Defendant Egli, Plaintiff filed level-one grievance (# 990899258)

alleging his ingestion of Saraquil, prescribed by UDOC medical personnel, caused side effects

like diabetes. (*Martinez* report ex., ECF No. 54-2, at 3.)

• 11/8/17 – Plaintiff filed level-two grievance (# 990899258) as to Saraquil treatment. (*Id.* at 9.)

• 12/1/17 Plaintiff filed level-three grievance (# 990899258) as to Saraquil treatment. (*Id.* at 13.)

• 3/3/18 – Other doctor prescribed Plaintiff three daily doses of pain medication, after which

Defendant Burnham--without examining or explaining to Plaintiff--reduced doses to two per day.

(ECF No. 36-1, at 2.)

• 4/2/19 – Defendant Burnham's adopted "Medical Utilization Review Committee" denied

treatment after different doctor ordered treatment "for a telemed neurosurgery," but Committee

did not keep records of its decision.[2] (*Id.* at 4.)

• 12/10/20 – Third Amended Complaint filed. (ECF No. 36.)

---

[2]People on this committee are for the very first time listed/named by Plaintiff in his Memorandum in Opposition to Motion for Summary Judgment, in, but his third amended complaint was never amended to name them as defendants. (Opp'n to Summ. J. Mot., ECF No. 61, at 1.) Thus, allegations that the committee rejected an outside doctor's recommendation are not considered further.

• 8/12/21 – Filing of Inmate Grievance Coordinator Lucy Ramirez's declaration that (1) Plaintiff

"has not filed any grievance related to his claim of being assaulted by Captain Allred while in

custody"; (2) Plaintiff exhausted grievances regarding Defendant Egli's medication prescription

circa September 2013 and regarding medication that "gave him diabetes" on September 26,

2017; and (3) Plaintiff did not file "any grievances related to Dr. Burnham discontinuing" his

third dose per day of pain medication. (ECF No. 53-4.)

• 9/15/21 – Filing of Plaintiff's declaration that he grieved to all three required levels Defendant

Allred's activities "as far as sexual stuff." (ECF No. 59, at 1.)

## ANALYSIS

With this backdrop of law and facts, the Court concludes that it is undisputed that UDOC

has a grievance process and therefore Plaintiff was required to complete that grievance process

before bringing this federal civil-rights action.

Regarding Defendant Burnham, the evidence shows that Plaintiff did not file any

grievances regarding the medication issue at the heart of Plaintiff's inadequate-medical-treatment

claim. Ramirez's declaration proves this failure to file grievances. And Plaintiff offered no

evidence to contest that proof. The Court therefore grants summary judgment for Defendant

Burnham, who is dismissed from this action.

Regarding Defendant Allred, the material evidence shows an issue of disputed fact.

Ramirez's declaration states that Plaintiff filed no grievances, while Plaintiff's declaration states

that he did exhaust his grievances to all three required levels. Defendant Allred is thus denied

summary judgment.

Regarding Defendant Egli, the undisputed evidence shows that Defendant Egli was specifically mentioned in Plaintiff's level-one grievance (# 990899258) alleging his ingestion of Saraquil, prescribed by UDOC medical personnel, caused side effects like diabetes. (ECF No. 54-2, at 3.) The evidence further shows that Plaintiff followed up with the required level-two and level-three grievances. (*Id.* at 9, 13.) Hence, Defendant Egli is also denied summary judgment.

## CONCLUSION

**IT IS ORDERED** that:

**(1)** Because Plaintiff did not exhaust administrative remedies as to claims against Defendant Burnham, Defendants' summary-judgment motion is **GRANTED** in part; and, Defendant Burnham is **DISMISSED**. (ECF No. 56.)

**(2)** Because material disputed facts exist as to whether Plaintiff properly grieved his claims against Defendants Allred and Egli, Defendants' summary-judgment motion is **DENIED** in part. (ECF No. 56.) So, claims against Defendants Allred and Egli survive this motion.

**(3)** Defendants Allred and Egli must therefore move beyond their exhaustion arguments to the next stage of litigation. These defendants have not addressed Plaintiff's request for relief, which is entirely injunctive in nature. His specific requests are for the Court to require Defendants "to change [UDOC] policy on patient's medical care and record keeping, and to provide better [mental health] services. To keep proper medical records of the medical utilization review committee. Plaintiff and all offenders should have the right to know why a treatment was denied and by whom."[3] (ECF No. 36, at 6.) Defendants Allred and Egli must within thirty days respond

---

[3]Inasmuch as Plaintiff seeks relief for "all offenders," (ECF No. 36, at 6), Plaintiff is notified that he has no standing, as a *pro se* plaintiff, to represent anyone but himself. *Sutton v. Do*e, 736 F. App'x 212, 213 (10th Cir. Aug. 31, 2018) ("Under certain limited circumstances, a 'next friend' can pursue an action on behalf of another. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, pro se litigants, as [Plaintiff] is in this case, may not bring 'next

with a document stating whether each of them is still employed by UDOC and has the authority

to provide the particular remedies sought by and for Plaintiff. And, within thirty days of

receiving that document, Plaintiff must file a response, or risk dismissal.

DATED this 23rd day of December, 2021.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court

---

friend' suits. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)."). Any such arguments for relief are therefore disregarded and dismissed.