THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MATT KILLOUGH,<br><br>       Plaintiff,<br><br>vs.<br><br>BRUCE O. BURNHAM ET AL.,<br><br>       Defendants. | **MEMORANDUM DECISION &**<br>**ORDER GRANTING**<br>**SUMMARY-JUDGMENT MOTION**<br><br>Case No. 2:18-CV-250 CW<br><br>District Judge Clark Waddoups |

In this civil-rights suit, 42 U.S.C.S. § 1983 (2022), Plaintiff Matt Killough asserts his federal constitutional rights were violated by Utah Department of Corrections (UDOC) Defendants Allred (housing captain), Burnham (medical director), and Egli (psychiatrist), when Defendants respectively sexually assaulted Plaintiff, provided him inadequate medical care, and retaliated against him. (ECF No. 36.) In an earlier Order, the Court granted summary judgment for Defendant Burnham and dismissed the retaliation claim. (ECF No. 63.) Further, noting that Plaintiff lacks standing to represent anyone but himself, the Court denied Plaintiff's request for relief for "all offenders." (ECF Nos. 36, at 6; 63.)

Plaintiff's remaining allegations against Defendant Allred are that Allred sexually harassed him, once touching his "penis and testicles thru [sic] his pants." (ECF No. 63, at 6.)

Plaintiff's remaining allegations against Defendant Egli are that Egli prescribed him an excessive amount of "Saraquil," without telling Plaintiff of possible side effects, like the facial tics, restless-leg syndrome, and diabetes he later experienced. (ECF No. 36-1, at 5.) After another

psychiatrist changed his medication to "a better alternative," Plaintiff continued to suffer facial tics and involuntary body movements. (*Id.*)

In its last Order, the Court noted that Plaintiff's request for relief is entirely injunctive in nature. (ECF No. 63.) His specific requests are for the Court to require Defendants "to change [UDOC] policy on patient's medical care and record keeping, and to provide better [mental health] services. To keep proper medical records of the medical utilization review committee. Plaintiff and all offenders should have the right to know why a treatment was denied and by whom." (ECF No. 36, at 6.) As an aside, these requested remedies appear to have little to do with Plaintiff's allegations of Defendants' past behavior.

In a new summary-judgment motion, supported by their declarations, Defendants Allred and Egli respond that they lack authority to provide the particular injunctive remedies sought by Plaintiff. (ECF Nos. 66, 70.) Without referring specifically to Defendants Allred and Egli, Plaintiff's one-paragraph response counters flatly that UDOC "can make the changes for injunctive relief the plaintiff is seeking." (ECF No. 71.) He further states that he "is still not getting [mental health therapy] since the filing of this litigation." (*Id.*) And he asserts that he "laid in his bunk for over three weeks in serious pain." (*Id.*) Plaintiff's arguments are neither relevant to Defendants' motion, nor supported by evidentiary submissions.[1]

## ANALYSIS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere

---

[1] These new allegations very well may form the basis for new federal civil-rights claims, should Plaintiff wish to flesh out the details and file another case.

factual dispute will not preclude summary judgment; instead, there must be a genuine issue of material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

### 1. Undisputed Material Facts

To resolve Defendants' summary-judgment motion, the Court must first establish the uncontradicted facts. This task is eased by Plaintiff's failure to properly controvert any of Defendants' facts despite receiving notice on how to do so.[2] The Court therefore deems Defendants' facts as admitted for purposes of this motion.

Regarding Defendant Allred, the undisputed facts are that he is currently captain of the Fir Housing Unit at Central Utah Correctional Facility, where he supervises other personnel to preserve safety and security in that unit. (ECF No. 66-2, at 3.) To that end, he ensures the following are conducted consistent with UDOC policy: inspections, searches, counts, key control, urinalysis drug testing, use of physical restraints, inmate property control, offender management, incident management, uniform and grooming standards, report writing, gang monitoring, supply requisitions, and inmate moves. (*Id.* at 3-4.) In his position, he lacks "authority to change UDOC policy on" (a) "patient medical care and record keeping"; (b) "provision of mental health services"; (c) "retention of medical records"; and (d) "communicating the basis of a medical or mental health treatment denial." (*Id.* at 4.) Finally, he

---

[2] With its order regarding service of process and litigation schedule, the Court attached the applicable summary-judgment rules--Rule 56 and District of Utah Rule 56-1--thereby advising Plaintiff that, to oppose summary judgment, he must submit evidence countering facts asserted by Defendants and stating specific facts to support his claims. (ECF No. 37, at 6-8.) But Plaintiff's response did not heed that advice; it is not properly supported with record citations, nor does it respond to the substance of asserted matters. (ECF No. 71.) Plaintiff's *pro se* status neither excuses him from complying with procedural rules nor shields him from consequences of his noncompliance. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting Tenth Circuit has "repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants"). This includes compliance with the District's local rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

is not a medical or mental-health provider; "on the Medical Utilization Review Committeee"; or, able to access information on "provision or denial of medical or mental-health treatment." (*Id.* at 4-5.)

Regarding Defendant Egli, the undisputed facts are that he is "not currently employed by the Utah Department of Corrections," having "retired from [his] role as a [UDOC] Mental Health Provider/Psychiatrist . . . in December of 2019." (ECF No. 66-1, at 3.)

Regarding Plaintiff, the undisputed fact at the time of his summary-judgment response was that he was being held at Utah State Prison in the Oquirrh-5 housing unit. (ECF No. 71.)

## 2. Eleventh Amendment Immunity

Under these facts, Defendants argue--based on Eleventh Amendment immunity[3]--that they are entitled to summary judgment on Plaintiff's claims for injunctive relief. This argument is grounded in the principle that injunctive relief may be validly sought against Defendants Allred and Egli only in their official capacities. *See, e.g., Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiff may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.").

A narrow exception to Eleventh Amendment immunity may allow a suit (against state officers in their official capacities) in which the plaintiff seeks injunctive relief only--if the plaintiff asserts an ongoing federal-law breach and seeks prospective injunctive relief. *See Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 F. App'x 661, 668 (10th Cir. 2014)

---

[3] "It is well established that the Eleventh Amendment bars suits against states under § 1983 'unless the State has waived its immunity.'" *Rigsby v. Great Ark.*, No. 21-6132, 2022 U.S. App. LEXIS 6687, at *6 (10th Cir. Mar. 15, 2022). The Eleventh Amendment reads, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

(unpublished) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)); *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 667-68 (1974); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). Also, to overcome the jurisdictional bar of Eleventh Amendment immunity, the plaintiff must show that the defendants have the authority and the willingness to carry out the requested act. *Barrett v. Univ. of N.M. Bd. of Regents*, 562 F. App'x 692, 694 (10th Cir. 2014) (unpublished).

    Against this backdrop of facts and law, the Court concludes it is undisputed that, in his position as captain of the Fir Housing Unit at Central Utah Correctional Facility, where he supervises other personnel to ensure safety and security in that unit, (ECF No. 66-2, at 3), Defendant Allred lacks "authority to change UDOC policy on" (a) "patient medical care and record keeping"; (b) "provision of mental health services"; (c) "retention of medical records"; (d) "communicating the basis of a medical or mental health treatment denial." And, Defendant Egli, as a retiree no longer employed by UDOC, lacks authority to perform any action in UDOC's facilities or on UDOC's behalf. So, as a matter of law, neither defendant has the power to execute Plaintiff's requests that they "change [UDOC] policy on patient's medical care and record keeping, . . . provide better [mental health] services, . . . keep proper medical records of the medical utilization review committee, [and provide information for] Plaintiff and all offenders [regarding] why a treatment was denied and by whom." (ECF No. 36, at 6.) It is notable that *neither* defendant now works at Utah State Prison, the specific institution where Plaintiff resides, and that Plaintiff's allegations of Defendants' past behavior do not establish an ongoing breach of federal law.

Accordingly, Plaintiff has not shown this action qualifies to proceed under an exception to Eleventh Amendment immunity. Defendants Allred and Egli are thus granted summary judgment.

## CONCLUSION

**IT IS ORDERED** that:

**(1)** Based on Eleventh Amendment immunity, Defendants' summary-judgment motion is **GRANTED**. (ECF No. 70.)

**(2)** No further controversy remaining, this action is **CLOSED**.

**(3)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint for Plaintiff to use if he wishes to pursue another civil-rights action.

DATED this 6th day of July, 2022.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court