THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MATT KILLOUGH,<br><br>                  Plaintiff,<br><br>v.<br><br>BRUCE O. BURNHAM et al.,<br><br>                  Defendants. | **MEMORANDUM DECISION & ORDER GRANTING IN PART & DENYING IN PART MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 2:18-CV-250 CW<br><br>District Judge Clark Waddoups |

On July 6, 2022, "[b]ased on Eleventh Amendment immunity, Defendants' summary judgment motion [was] GRANTED." (ECF No. 73.) Judgment was entered, stating "that Plaintiff's action is dismissed with prejudice." (ECF No. 74.)

On August 12, 2022, citing Federal Rule of Civil Procedure 59(e), Plaintiff moved the Court "to amend the judgment and allow leave to amend the complaint." (ECF No. 76.) In the motion, Plaintiff asks that the judgment be amended to show "dismissal without prejudice." (*Id.*) He further requests leave to amend his complaint; otherwise, he argues, Plaintiff will be "essentially bar[red] . . . from any monetary relief for the violation of his civil rights." (*Id.*)

"A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed his motion late--37 days after judgment was entered. (ECF No. 74.) However, in their response opposing the motion, Defendants outlined Plaintiff's attempts to file the motion earlier and concluded, "Considering what appears to be a timely attempt to file, Defendants do not challenge Killough's Rule 59(e) Motion on

timeliness grounds." (ECF No. 77.) The Court thus does not further address the untimeliness of this motion and treats it on the merits.

> Generally, a Rule 59(e) motion may be granted only if the plaintiff identifies: (1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Hayes Fam. Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Moses-El v. City & Cnty. of Denver*, No. 20-1102, 2022 U.S. App. LEXIS 14847, at *47 (10th Cir. May 31, 2022) (unpublished).

## AMENDMENT OF JUDGMENT

Regarding his request that the judgment be amended to "judgment without prejudice," Plaintiff meets the standard for relief under Rule 59(e); in other words, he has identified "the need to correct clear error." Indeed, this Court held that, in light of the Eleventh Amendment, it lacks subject-matter jurisdiction to hear the claims against Defendants Allred and Egli. (ECF No. 73.) And, "'[i]n cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.'" *Washington v. Okla. State Dep't of Human Servs.*, 802 F. App'x 419, 421 (10th Cir. 2020) (unpublished) (quoting *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004)); *see also Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Eleventh Amendment immunity is jurisdictional. As a result, these dismissals should have been without prejudice." (Citation omitted.)); *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 772 F.3d 1209, 1212 (10th Cir. 2013) ("[I]mplicit in enactment of the Eleventh Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state."); *Brereton v. Bountiful City Corp.*, 434 F.3d

1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Thus, this Court erred in dismissing this action with prejudice. (ECF No. 74.) The Judgment is therefore amended to show the action is dismissed without prejudice. (*Id.*) Further, the entry of summary judgment is vacated, and dismissal without prejudice is entered instead, (ECF No. 73). *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317-18 (10th Cir. 2005).

## AMENDMENT OF COMPLAINT

Apparently trying to combine a motion to amend judgment with a motion for leave to amend the complaint, Plaintiff's sole argument here is that "[i]t would be prejudicial not to allow leave to amend because the court will essentially bar the plaintiff from any monetary relief for the violation of his civil rights." (*Id.*)

Plaintiff's argument does not raise "an intervening change in the controlling law," nor does it suggest "the availability of new evidence." Perhaps Plaintiff intends the argument to suggest "the need to correct clear error or prevent manifest injustice." *Hayes Fam. Trust*, 845 F.3d at 1004. But, "Rule 59(e) is unavailable for matters that were or could have been presented earlier." *Grove v. Groome*, 817 F. App'x 551, 558 (10th Cir. 2020) (unpublished) (citing *Servants of Paraclete*, 204 F.3d at 1012 ) ("Mr. Grove failed to identify any issues that couldn't have been raised earlier. So the court didn't abuse its discretion in denying the Rule 59(e) motion."); *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 535 (10th Cir. 2016) (saying court does "not ordinarily entertain arguments made for the first time in a motion to alter or amend the judgment"); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) (saying motion to alter or

3

amend judgment "cannot be used to expand a judgment to encompass new issues which could have been raised prior to the issuance of the judgment"). Still, such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012.

A review of this litigation's procedural history reveals that there is neither clear error to correct, nor manifest injustice to prevent. This is because Plaintiff's request for money damages could have been presented earlier. Plaintiff apparently seeks to impermissibly expand the judgment to include a new issue--request for money damages--which could have been raised much before the judgment was entered. The Court did not misapprehend Plaintiff's position on the relief he requested.

On April 18, 2018, Plaintiff filed his original complaint. (ECF No. 4.) Under "Request for Relief," Plaintiff placed a question mark in the space next to the words on the form, "Punitive damages in the amount of _____," and "Compensatory damages in the amount of _____." (*Id.*)

On August 6, 2018, the Court granted Plaintiff's motion to amend his complaint. (ECF Nos. 4, 18.) When Plaintiff did not file an amended complaint, on January 2, 2019, the Court ordered him to within thirty days show cause why his action should not be dismissed. (ECF No. 22.) That order to show cause gave general guidance on filing an adequate amended complaint, including the requirement that the complaint must contain "'a demand for judgment for the relief the pleader seeks.'" (*Id.* (quoting Fed. R. Civ. P. 8(a)).)

On January 25, 2019, Plaintiff filed the amended complaint. (ECF No. 26.) That version of the complaint requested $350 or $350,000 in punitive damages and $350 or "350,00" [sic] in compensatory damages. (*Id* ) Based on other deficiencies within the amended complaint, the

Court ordered Plaintiff to file a second amended complaint to cure those deficiencies. (ECF No. 29.)

On June 19, 2019, Plaintiff filed a second amended complaint. (ECF No. 30.) Under "Request for Relief," Plaintiff requested "whatever relief this court deem appropriate for these injustices. To change policy on medical record keeping. To receive adequate mental health services for P.T.S.D." [Sic] (*Id.*) On October 29, 2020, Plaintiff filed a motion that the Court construed as another motion to amend. (ECF Nos. 32, 33.) The Court granted the motion and gave more guidance on drafting an adequate complaint, including the same language on putting in the complaint "'a demand for the relief sought.'" (ECF No. 33 (quoting Fed. R. Civ. P. 8(a)).) The Court stated, "This is the **FINAL** order allowing Plaintiff to amend his complaint. If a third amended complaint is filed, the Court will screen it for dismissal or service of process." (*Id.* (emphasis in original).)

On December 10, 2020, Plaintiff filed the Third Amended Complaint. (ECF No. 36.) That version of the complaint requested

> whatever relief this court deems appropriate for the injustices. To change U.D.C. policy on patients medical care and record keeping, and to provide better M.H. services. To keep proper medical records of the medical utilization review committee. Plaintiff and all offenders should have the right to know why a treatment was denied, and by whom. [Sic]

(*Id.*) The Third Amended Complaint was served on Defendants and is the basis for all ensuing litigation here. (ECF No. 37.)

On December 27, 2021, concluding that Plaintiff's claim against Defendant Burnham had not been appropriately grieved through the Utah Department of Corrections' administrative

process, the Court dismissed only Defendant Burnham. (ECF No. 63.) In that Order, the Court noted that "Plaintiff's request for relief . . . is entirely injunctive in nature." (*Id.*)

On January 26, 2022, remaining Defendants Allred and Egli filed "Statement of Defendants' Authority to Provide Plaintiff's Requested Remedy," supported by their declarations. (ECF No. 66.) There, they argued that "[n]either Defendant Egli nor Defendant Allred has the authority to provide the remedies sought by and for Plaintiff." (*Id.*) Plaintiff entire argument in response was as follows:

> I feel that even if these defendants do not have the authority to change the record keeping procedures at the prison they should be held accountable for their actions. They still worked for the Department of Corrections at the time I filed this complaint. I asked the court to grant me whatever relief it deems appropriate in this injustice I have suffered.

(ECF No. 69.)

On April 4, 2022, relying on their earlier declarations, Defendants moved for summary judgment based on Defendants' lack of authority to provide the injunctive relief sought by Plaintiff. (ECF No. 70.) On May 16, 2022, Plaintiff responded as follows:

> The Department of Corrections can make the changes for injunctive relief the plaintiff is seeking. The legislature just signed house bill 95 into law, saying what Captain Allread [sic] did. We are supposed to get mental health therapy, which the plaintiff is still not getting ever since the filing of this litigation. This is a serious ongoing concern at the prison. Also the plaintiff laid in his bunk for over three weeks in serious pain. Medical personnel told the plaintiff 'you need to realize you're in prison, you're not getting anything for pain.' That in itself creates cruel and unusual punishment. Ever since the filing of this litigation plaintiff has been told by different medical and custody staff that he should have thought about it before filing a lawsuit. On the ground of justice, I plead with the court not to dismiss defendants Allread and Eggly [sic].

6

(ECF No. 71.)

Concluding "that injunctive relief may be validly sought against Defendants Allred and Egli only in their official capacities"--implicating Eleventh Amendment immunity--the Court held that Plaintiff had not shown, as required for an exception to that immunity, "that defendants ha[d] the authority and willingness to carry out the requested act[s]." (ECF No. 73.) Defendants Allred and Egli were thus dismissed and the case closed on July 6, 2022. (*Id.*) As an aside, the Court also advised Plaintiff that any "new allegations" that he had mentioned in his summary-judgment response "very well may form the basis for new federal civil rights claims, should Plaintiff wish to flesh out the details and file another case." (*Id.*)

So in his amended complaint, Plaintiff requested money damages. (ECF No. 26.) That showed his understanding that money damages were one of his options for requested relief. Still, in his next two versions of the complaint, he chose to leave out money damages and ask for only injunctive relief. (ECF Nos. 30, 36.) He persisted in this position, even after December 27, 2021, when the Court's Order noted that "Plaintiff's request for relief . . . is entirely injunctive in nature," (ECF No. 63); and, Defendants' "Statement of Defendants' Authority to Provide Plaintiff's Requested Remedy" and summary-judgment motion explicitly discussed and argued their lack of authority to provide the injunctive relief sought, (ECF Nos. 66, 70). (ECF Nos. 69, 71.) His responses to Defendants' arguments continued to focus exclusively on injunctive relief.

In sum, between submission of this action on March 22, 2018 and dismissal of the action on July 6, 2022, the Court and Defendants simply followed Plaintiff's lead on what kind of relief he sought, throughout four iterations of the complaint, all drafted by him, based on his choices. It was not up to the Court to wonder why Plaintiff eventually showed that he valued actions over

money. It was a personal, independent decision that Plaintiff was well within his rights to make, based on what he imagined would best right his alleged wrongs. There was no clear error or manifest injustice in the Court taking Plaintiff at his word that potential injunctive relief was most suitable to him. Plaintiff had plenty of chances--years of chances--to make a different choice. In this situation in which it is clear that the Court did not misapprehend the facts, party's position, or controlling law, the Court exercises its discretion to deny Plaintiff's motion to essentially vacate the judgment so that he may reopen this case with a fresh start with a fresh complaint.

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motion to amend or alter the judgment is **GRANTED** in part and **DENIED** in part. (ECF No. 76.)

**(A)** The original judgment is amended to show now that it is **without prejudice**. Also, entry of summary judgment for Defendants is **VACATED**, and now **dismissal without prejudice** is hereby entered instead.

**(B)** Judgment will not be amended or altered to allow Plaintiff to file a fourth amended complaint.

**(C)** This action remains **CLOSED**.

DATED this 4th day of January, 2023.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court